C. A. McMEANS ET AL. v. THE STATE.

*No. 1151. Decided February 10th, 1897.*

1. **Local Option—Recognizance.**

Where the recognizance on appeal from a conviction for a violation of local option recites, that the appellants stand charged with the offense of "unlawfully selling intoxicating liquors in a prohibition district." Held, it does not recite any offense.

2. **Same—Recognizance Must be Separate for Joint Defendants.**

Where two or more parties are jointly indicted and tried, the recognizance upon appeal from their conviction must not be a joint one. Each party must enter into a separate recognizance.

APPEAL from the County Court of Hood. Tried below before Hon. GEORGE W. RIDDLE, County Judge.

This appeal is from a conviction for violation of local option, appellants having been jointly indicted and jointly tried; penalty, a fine of $25 and twenty days' imprisonment in the county jail against each of the defendants.

They attempt to prosecute this appeal by a joint recognizance.

The Assistant Attorney-General moves to dismiss the appeal, because, 1st. It recites no offense. 2d. Because it is a joint recognizance.

No brief for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellants were jointly indicted for a violation of the local option law, convicted, and appeal. The Assistant At-

torney-General, upon two grounds, moves a dismissal of the appeal: First, that the recognizance is insufficient in not reciting the offense charged against appellants, and in not reciting any offense; and, second, because the recognizance on appeal is a joint undertaking by the appellants, and not separate, as it should be. The recognizance recites that the appellants stand charged with the offense of "unlawfully selling intoxicating liquors in a prohibition district." This allegation does not recite the offense charged in the information. In fact, it recites no offense at all. We further find that the recognizance is a joint obligation. This renders it fatally defective. Where two or more parties are jointly indicted in misdemeanor cases, and each appeals from a conviction, each appellant must enter into a separate recognizance. A joint recognizance, as in this case, will not suffice. The motion is well taken, and the appeal is dismissed.

*Dismissed.*