### Jake Holley v. The State.

#### No. 2832.   Decided June 22, 1904.

**1.—Charge of the Court—Agency.**

Where the appellant testified that he did not sell the prosecuting witness whisky, nor did he procure whisky, it was not error to refuse to charge on the law of agency.

**2.—Evidence—Hearsay.**

It was error to permit a State's witness to state in answer to a question what made him go to defendant to get whisky, that he did so because he had been informed he could procure whisky from him, it not being shown that defendant was present when the witness was so informed and had no opportunity of denying the same.

Appeal from the County Court of Robertson. Tried below before Hon. Daniel Parker. ·

Appeal from a conviction for violating the local option law; penalty, a fine of $25 and confinement for twenty days in the county jail.

The opinion states the case.

No brief for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—This conviction was for violating the local option law. The facts in this case are similar to those in Rippey v. State, decided at present term. However, in this case appellant testified that he did not sell prosecuting witness whisky, nor did he procure whisky. Under this state of facts, it was not error for the court to fail to charge on the law of agency. Taylor v. State, 8 Texas Ct. Rep., 1006.

By bill number 6 it is shown that while witness Henry Jackson was on the stand, the county attorney asked, "What made you go to defendant, Jake Holley, to get whisky?" And he replied, "Because I had been informed I could procure whisky from him [meaning de-

fendant Jake Holley]." Appellant objected for the reason that the same was not relevant to the issue; that it was hearsay evidence, and it was not shown defendant was present when the witness was so informed and had no opportunity of denying the same. It was error for the court to allow this testimony to be introduced. The fact that prosecuting witness had been informed he could procure whisky from appellant is hearsay testimony and is not admissible. In Darnell v. State, 39 S. W. Rep., 370, this exact question was before the court. There witness stated that he and Capps did have a talk about getting the whisky after they got to town, and that Capps told witness he could get the whisky; that he (Capps) had gotten a quart of whisky at Maxey's the day before, and that was the reason they went to Maxey's place to get the whisky. We there held that this was a conversation between third parties not in the presence of defendant, and unknown to him, and a talk in nowise binding defendant, and tended to prejudice the minds of the jury, by thus showing that whisky could be bought at Maxey's place, where the testimony showed defendant was clerking. The same reasons apply to the testimony offered in the case now under consideration. It follows, therefore, that the court erred in permitting this testimony to go to the jury. The pivotal question in the case was whether appellant sold the whisky to prosecuting witness. Appellant strenuously denied this. Hence it became very 'material and prejudicial error to the rights of appellant to permit hearsay testimony to be introduced tending to show appellant did sell the whisky.

Appellant urges various objections to the orders introduced showing that local option was in force; that is he objects to the petition and all subsequent orders going to make a valid local option law in force. The bill shows that the original minutes of the commissioners court containing these orders were introduced. Appellant insists that the original petition itself should have been introduced. There is no merit in this proposition.

For the error pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*