### T. M. CHOATE v. STATE.

No. 2946.   Decided November 23, 1904.

**1.—Local Option—Agency—Charge of the Court.**

Where the defendant merely acted as the agent of the prosecuting witness in procuring the whisky from another party he would not be guilty of a violation of the local option law, and the fact that he advanced part of the money to pay for it would not change this, provided he was acting in good faith as the agent of the party purchasing the whisky, and the court erred in not so charging the jury.

**2.—Charge of the Court—Advancing Purchase Money.**

Where the evidence showed that prosecutor requested defendant to order two quarts of whisky for him, but that he had only 75 cents of the money and asked defendant to advance the balance of the cost of the whisky and that he would pay the money back to defendant when the whisky came, whereupon the latter ordered one gallon of whisky and prosecutor paid for his half of it when he got it, it was error to charge the jury that if defendant had ordered said whisky and received pay, or any part of the pay therefor at the time of its delivery to the prosecutor, he would be guilty of violating the local option law.

Appeal from the District Court of Jasper. Tried below before Hon. W. P. Wicks.

Appeal from a conviction of violating the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No briefs for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Conviction of violating the local option law, penalty assessed being a fine of $25 and twenty days confinement in the county jail.

Prosecutor testified that he bought the whisky from appellant. Appellant testified that he had intended to order a half-gallon of whisky worth $4 per gallon; that prosecutor came to him and stated he wanted a half-gallon or two quarts; and in that connection said he only had 75 cents of the money, and requested appellant to advance $1.25, the balance of the purchase money, and order the whisky and he would pay the money back to appellant when the whisky came. Thereupon appellant says he ordered a gallon of whisky, and prosecutor paid for his half of it. This is substantially the facts proven upon the trial. The court charged the jury, among other things, as follows: "You, gentlemen of the jury, are further instructed, that if you believe from the evidence in this case, that the witness Kirb Kimbrell, requested defendant, Tom Choate, to order two quarts of whisky for him, or any other quantity, and that the said Kirk Kimbrell furnished the money to the said Tom Choate to pay for said whisky at the time he so ordered said whisky, through defendant (if he did so) and that defendant had no interest in said whisky, or the purchase thereof, then defendant would not be guilty. But in this connection you are further instructed, that if you find from the evidence in this case, that the witness Kirb Kimbrell requested the defendant to order two quarts, or any other quantity of whisky for him, at the time and place alleged in the indictment, and that the said defendant ordered said whisky and received the pay, or any part of the pay for said whisky, at the time he delivered the same to Kimbrell, if the defendant did deliver said whisky or any part thereof to said Kimbrell, and that said whisky was intoxicating, then defendant would not be protected as the agent of said Kirb Kimbrell in ordering said whisky but would be guilty of the unlawful sale of intoxicating liquor." This latter clause of the court's charge is erroneous. To cure this defect, appellant requested the court to charge the jury, as follows: "You are further charged that, if you believe from the evidence that prosecuting witness, Kirb Kimbrell asked defendant, Tom Choate, to order him two quarts of whisky, in connection with an order he was making for himself, and paid him 75 cents, and requested defendant to furnish the balance, $1.25, and he would pay it back when the liquor came; and that defendant did order the whisky from Lon Bernard, and that he (defendant) had no interest in the sale of said whisky, and was in no way interested in the sale of liquor, and that the prosecuting witness afterward got the intoxicating liquor and paid defendant the money he had advanced him for the purpose of buying said intoxicating liquor, he would not be guilty of selling intoxicating liquor, and if you have a reasonable doubt as to this matter, you will find him not guilty." This requested charge should have been given, and the latter portion of the court's charge should not. As stated in many decisions, the offense

is the selling of the whisky, and not the assisting in the purchase of it. If appellant was interested in the sale of the whisky, of course he would be guilty, but if he merely acted as the agent of the prosecuting witness in procuring the whisky from another party he would not be guilty, and the fact that he advanced part of the money to pay for it, would not change this, provided he was acting in good faith as the agent of the party purchasing the whiskey. This matter has been thoroughly discussed in Brignon v. State, 38 S. W. Rep., 786; Treue v. State, 44 S. W. Rep., 829; Bowman v. State, 35 S. W. Rep., 382; Thompson v. State, 34 S. W. Rep., 937. It follows that the court erred in his charge to the jury, and in not giving the requested charge above.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*