## N. B. CHANCEY v. THE STATE.

### No. 3150.   Decided October 18, 1905.

**1.—Recognizance—Practice on Appeal.**

Where a recognizance in a case on appeal to the Court of Criminal Appeals does not state the amount of the punishment assessed against the appellant as required by article 887, Code Criminal Procedure, the appeal will be dismissed. Following May v. State, 40 Texas Crim. Rep., 196.

**2.—Same—Defective Recognizance—New Recognizance.**

Where, on account of a defective recognizance, an appeal was dismissed, the case will be re-instated upon the filing of a new recognizance under the rules prescribed by this court as provided by the Act of the 29th Legislature, page 224. Following Burton v. State, decided at this term.

**3.—Same—Statement of Facts—Bills of Exception—Diligence.**

Where the record on appeal showed that the bills of exception and statement of facts were not approved and filed within twenty days after the adjournment of the term, it was not considered proper diligence that appellant's counsel had placed said statement of facts and bills of exception in the possession of his stenographer, with instructions that they be filed, who did as directed except that the judge did not approve the same within the twenty days, and appellant's counsel did not learn of this failure until after the time expired; and neither the bills of exception nor the statement of facts can be considered on appeal.

Appeal from the County Court of Angelina. Tried below before Hon. W. J. Townsend.

Appeal from a conviction of unlawfully knowing and permitting a house to be kept for the purpose of prostitution, etc.; penalty, a fine of $200.

The opinion states the case.

*E. J. Mantooth,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—The Assistant Attorney-General has filed a motion to dismiss the appeal, on the ground that the recognizance does not state the amount of the punishment assessed against appellant, as required by article 887, Code Criminal Procedure. An examination of the record, shows that the motion is well taken. May v. State, 40 Texas Crim. Rep., 196. The appeal is accordingly dismissed.

*Dismissed.*

DAVIDSON, PRESIDING JUDGE.—The appellant has filed a motion to permit him to file a new recognizance, in lieu of the one in the transcript held defective at a former day of this term, because it did not comply with article 887, Code Criminal Procedure. This motion of appellant is granted, and the rules with reference to filing same will be found set out in Ace Burton v. State, decided this day.

*Motion granted.*

Henderson, Judge, absent.

### ON REHEARING.

#### December 20, 1905.

BROOKS, JUDGE.—The appeal was dismissed at a former day of this term, because the recognizance was defective; and the appellant having filed a new recognizance in this court under the rules prescribed by this court as provided by the Acts of the 29th Legislature, page 224, the cause is reinstated upon the docket, and is now before us for decision.

The State has filed a motion to strike out the statement of facts and bills of exception, upon the following showing: that the bills of exception were approved on April 14, 1905, and were filed February 2 and 14, 1905—the term of court adjourned on January 28, 1905, and on which date the motion for new trial was overruled. On this showing the bills of exception are stricken out, inasmuch as the law requires that the approval of the bills of exception cannot be extended longer than twenty days after the adjournment of the term. This record shows, as stated, that the bills were approved on April 14th, and hence could not have been properly filed on February 2, 1905. The State further shows that the statement of facts was approved by the court on March 18, and filed February 14, 1905, that the statement was not approved within the twenty days after adjournment. Appellant resists the motion, and makes the following showing by affidavit; that said statement of facts was prepared from the stenographer's report of the case as soon as it could be reasonably done, after the trial on January 28th. That said statement and bills were duly prepared by attorney for appellant between the 5th and 10th of February, 1905, and duly presented to the county attorney for his approval on the 10th of February, 1905, but were not examined or approved on said date, as alleged by him for want of time; that counsel for defendant had to leave

home on the 11th of February, and placed said statement of facts and bills in the possession of his stenographer, requesting him to present them to the county attorney for his approval, and then present the same to the county judge for his approval, and then file the same with the county clerk before the 17th of February, 1905, at which time the twenty days would expire. The stenographer did, as directed, except that the judge did not approve the same within the twenty days, and appellant's counsel did not learn of his failure to do so, until after the time expired; that the statement of facts is correct, etc. We hold that this statement does not authorize this court to consider either the bills of exception or statement of facts. The lack of knowledge on the part of the stenographer of what should be done in the premises, would not show diligence on the part of appellant's counsel. The failure of appellant to have the papers approved within the proper time and filed, does not authorize this court to consider the same. See this matter discussed in Walker v. State, this day decided. In the absence of the bills of exception and statement of facts, we see no error authorizing a reversal. The judgment is affirmed.

*Affirmed.*