G. HARRIS v. THE STATE.

No. 3286.   Decided January 24, 1906.

**Local Option—Charge of Court—Agency.**

Upon a trial for a violation of the local option law where the theory of the
State was that the defendant sold the. whisky to the prosecutor, and the defend-
ant's theory was that he was acting as the agent of prosecutor and bought the
whisky from S. for the prosecutor, it was error to charge that if defendant
was the agent of S. in selling the whisky to convict.

Appeal from the County Court of Limestone.   Tried below before
Hon. James Kimbell.

Appeal from a conviction of a violation of the local option law;
penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Conviction for violating the local
option law.   Massey, the alleged purchaser, testified that appellant came
to him and wanted to know if he wanted any whisky.   Being an-
swered in the affirmative, he requested Massey to give him money and
he would get the whisky.   Massey gave him 50 cents, and in about an
hour he went into the restaurant, where appellant worked and got a
pint of whisky.   He says appellant did not tell him he would get
the whisky from Simmons or any one else, and that he knew nobody
in the transaction except appellant; that he paid the money and got
the whisky.   He further stated that Simmons came through the mar-
ket and got some empty bottles, but did not know what he did with
them; that he got a pint of whisky in a pint bottle.   Appellant testi-
fied that Massey asked him if he had any whisky; that he had been

in bed about eight weeks with slow fever, and had been up only a day; that he had no whisky but needed some. Massey informed appellant that he did not have any whisky, but wanted some himself. Appellant told him he could get it from Drew Simmons, and Massey gave appellant 50 cents with the request that he get the whisky. Appellant took the money and in an hour or so, Drew Simmons came into the restaurant. Appellant bought two pints from him. Simmons had the whisky in the jug. He went out somewhere and got some quart bottles. He put a pint in each quart bottle. Simmons put the whisky by a box in the restaurant. After awhile Massey came in and picked up his whisky and appellant got his pint. Appellant paid Simmons 50 cents for his whisky, and 50 cents for Massey; that he had no interest in the whisky or its sale; that it was Simmons' whisky and not appellant's, and that he bought the whisky from Simmons for Massey as a matter of accommodation.

At the request of the county attorney the following charge was given: "You are instructed that if you believe from the evidence that defendant G. Harris, was the agent of Drew Simmons, and as such agent he sold Aaron Massey intoxicating liquors, he would be guilty." Exception was reserved to this charge, which we think was well taken. Massey's testimony shows that appellant came to him and asked him if he wanted some whisky. Receiving an affirmative reply, at the further request of appellant, Massey gave him 50 cents with which to buy it, and subsequently delivered to him a pint of whisky. Appellant's testimony shows that he was acting as the agent of Massey, and that the whisky Massey received was a pint of whisky in a quart bottle. Under the theory of the State the only contention that can be made to support the judgment is that appellant sold the whisky to Massey. If it proves anything it would prove this condition of case. If appellant's theory is right he was acting as the agent of Massey and bought the whisky from Simmons for Massey; that he had no interest in it. We do not understand from this evidence that the issue is raised by the testimony of either side, that appellant was the agent of Drew Simmons in selling the whisky. We think this charge presented an issue and authorized a conviction on an issue not raised by the testimony, and it was error for the court to give the same. Accordingly the judgment is reversed and the cause remanded.

*Reversed and remanded.*