TOM ROBINSON ET AL. v. THE STATE.

No. 4012. Decided November 25, 1908.

**Keeping Disorderly House—Joint Recognizance—Jurisdiction.**

Where upon appeal from a conviction of keeping a disorderly house against several defendants, all the latter appeared in court and entered into a joint recognizance for an appeal of the case, no jurisdiction was conferred upon the Appellate Court and the appeal must be dismissed. Following McMeans v. State, 37 Texas Crim. Rep., 130, and other cases.

Appeal from the County Court of Jefferson. Tried below before the Hon. D. P. Wheat.

Appeal from a conviction for keeping a disorderly house; penalty, a fine of $100 against each defendant.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The indictment charged Tom Robinson, Jim Lasserre and one Alvido, whose Christian name was to the grand jury unknown, with keeping a disorderly house. After

conviction at the proper time notice of appeal was given and the parties entered into a joint recognizance, as follows: "This day came into open court, Tom Robinson, Jim Lesserre and one 'Alvido,' the defendants in the above entitled cause, who, together with A. J. Prater, and W. A. Langham, their sureties, acknowledged them-selves severally indebted to the State of Texas, in the penal sum of seven hundred dollars, conditioned etc." * * * Motion to dismiss the appeal is filed by the assistant attorney-general on the ground, that as the recognizance is joint, it is invalid and that this character of recognizance is not sufficiently in compliance with the law to attach the jurisdiction of this court. Under the authorities this position is well taken and the appeal will have to be dismissed. Goldman v. State, 35 Texas Crim. Rep., 436; McMeans v. State, 37 Texas Crim. Rep., 130; Lee v. State, 57 S. W. Rep., 97.

The appeal is accordingly dismissed.

*Dismissed.*