Hamp Brewster v. The State.

No. 1595.    Decided March 6, 1912.

**Local Option—Charge of Court—Agency.**

Where, upon trial of a violation of the local option law, there was evidence that the defendant acted for the purchaser in procuring the whisky, the court should have submitted this issue; and it was reversible error to instruct the jury that if defendant sold the whisky to the purchaser or was acting as the agent of some other person, to convict him.

Appeal from the County Court of Smith.    Tried below before the Hon. Jesse F. Odom.

Appeal from a conviction of unlawfully selling intoxicating liquors in local option territory; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Hanson & Buttler* and *Price & Beaird,* for appellant.—On the question of the court's charge on agency: Johnson v. State, 50 Texas Crim. Rep., 116; Greata v. State, 9 Texas Crim. App., 429; Campbell v. State, 37 Texas Crim. Rep., 572; Golightly v. State, 49 Texas Crim. Rep., 44; Evans v. State, 55 Texas Crim. Rep., 450.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was charged with selling intoxicating liquors to J. P. Starnes in violation of the local option law.

The evidence discloses in substance that two friends of Starnes were coming to Tyler. Starnes sought appellant and asked him if he had some whisky. Receiving a negative reply, he then asked appellant if he could get him some; that he and his friends wanted it. Appellant told him he did not know, but would try. Starnes gave appellant two dollars with which to buy the whisky. It was stated by one of them, or agreed by both, that it would take that amount of money to buy "boot-legging whisky." Appellant took the money and went away. Finally he returned and informed Starnes of the fact that he had bought the whisky, informing him where he had left it. Starnes went to the place indicated and found the whisky. There is no difference between the testimony as detailed by Starnes and appellant on this phase of the case. Appellant testified that he went to a certain party for the whisky and did not get it. He was told by another party from whom he could get it. He found the negro mentioned and bought the whisky and placed it where he informed Starnes it could be found. The witness Tendil testified that he saw appellant on the street and had a talk with him after which appellant walked away; that shortly afterwards a negro came

to him and asked him if he, Tendil, wanted some whisky; Tendil told him no and started away, but thought of appellant asking him about whisky and informed the negro that appellant wanted to purchase whisky; that he saw no more of the negro, without going into a detailed statement of the evidence, this is sufficient to bring in review the questions suggested for revision.

The court instructed the jury that if appellant sold the whisky to Starnes, or was acting as the agent of some other person in selling the whisky to Starnes, they would convict him, although he may have made no profit from the transaction. Appellant excepted to this charge and requested the court to instruct the jury that if appellant was acting as the agent of Starnes in purchasing the whisky, they should acquit. The court's charge was not correct. There were no facts in this case authorizing such charge. No witness testified to any fact in the case which constituted appellant the agent of anybody in selling the whisky to Starnes. There was evidence by the State's witness Starnes as well as the appellant, that appellant bought the whisky for Starnes and did not sell it to him; that he was acting in the capacity of an accommodation agent to secure the whisky for Starnes. The court was in error in giving the charge he did give, and erred in not giving the requested instructions under the facts of the case. If appellant sold the whisky to Starnes he would be guilty.

For these errors the judgment is reversed and the cause is remanded.

*Reversed and remanded.*