## John Thomas v. The State.

### No. 1738. Decided April 24, 1912.

### Rehearing Granted May 15, 1912.

**1.—Local Option—Recognizance.**

A recognizance which does not recite that defendant was convicted, and fails to state the amount of the punishment assessed is insufficient, however, upon filing a sufficient recognizance the appeal is reinstated.

**2.—Same—Charge of Court—Agency.**

Where, upon trial of a violation of the local option law, the court authorized the jury in his charge to convict on testimony not raised by the record, the same was reversible error.

**3.—Same—Insufficiency of the Evidence.**

See opinion where the Presiding Judge deems the evidence insufficient to sustain the conviction.

Appeal from the County Court of Sabine. Tried below before the Hon. J. H. McGown.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and twenty days confinement in the county jail.

The opinion states the case.

*Hamilton & Minton,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—There is in the record what purports to be a recognizance but which does not comply with the statute. It recites, among other things, that appellant stands charged with the offense of unlawfully selling intoxicating liquors by indictment. It does not recite that he was convicted, nor does it recite the amount of punishment assessed. This does not meet the requirements of the statute.

The motion of the Assistant Attorney-General to dismiss the appeal for want of legal and sufficient recognizance will be sustained and the appeal will be dismissed, and it is accordingly so ordered.

*Dismissed.*

### ON REHEARING.

#### May 15, 1912.

DAVIDSON, Presiding Judge.—The appeal herein was dismissed recently for want of sufficient recognizance. Appellant has filed a motion to reinstate, accompanied by a recognizance in compliance with the statute. This authorizes the reinstatement of the case.

Disposing of the case on the record, we find the statement of facts discloses that the alleged purchaser Davidson met appellant and asked him if he could get him some whisky. Appellant told him that he had

been trying to get some for himself, and that may be he could succeed; whereupon Davidson gave him a dollar, which appellant took and went in search of the whisky. After being gone a while he returned with a bottle of whisky, and informed Davidson that he paid $1.75 for it; that he had used Davidson's dollar, and had himself furnished the remainder of the money to pay for the whisky. They divided the whisky, Davidson taking his part and appellant keeping the remainder. Davidson knew nothing in reference to where appellant obtained the bottle of whisky further than as appellant informed him. Appellant testified practically as did the witness Davidson, and further stated that he bought the whisky from a man named Shackelford. Appellant testified also that he did not sell the whisky, and had not sold any whisky in two years to anyone. He also testified that he bought the whisky for himself and Davidson, and had no interest in it further than that he obtained by purchasing.

Under this state of facts the court charged the jury as follows: "If you find and believe from the evidence beyond a reasonable doubt that the defendant was acting as an agent for party selling the whisky he would be guilty of violating the local option law." There is no evidence in this record which justifies this charge. None of the testimony indicates that appellant was selling the whisky for another party. The court authorized the jury to convict on testimony not raised by this record. This was error.

The writer is of the opinion that the evidence does not justify this conviction. The State put in evidence the statement of the defendant that he had bought the whisky for Davidson and as his agent. In order to secure a conviction, this evidence must be shown to be not correct. Witness Davidson does not make a case and appellant denies the sale.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*