## JIM JONES v. THE STATE.

### No. 1768. Decided May 8, 1912.

**1.—Local Option—Indictment.**

Where the indictment complied with the requirements of approved form, the same was sufficient.

**2.—Same—Announcement—Surprise.**

Where the cause is remanded upon other ground, the question of withdrawing announcement of ready on account of surprise need not be considered.

**3.—Same—Agency—Evidence.**

Where, upon trial of a violation of the local option law, the defendant offered to prove that he only acted as agent of the alleged purchaser of the whisky, it was reversible error not to permit him to do so.

**4.—Same—Requested Charge—Agency.**

Where the requested charge more aptly presented the question of agency than the court's main charge, the same should have been given.

Appeal from the County Court of Nacogdoches. Tried below before the Hon. F. P. Marshall.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Vernon E. Middlebrook,* for appellant.—On the question of agency:

Givens v. State, 49 Texas Crim. Rep., 267; Rigsby v. State, 64 Texas Crim. Rep., 504, 142 S. W. Rep., 901.

On question of refusing to admit testimony of agency: Walker v. State, 37 Texas, 366; Turner v. State, 37 Texas Crim. Rep., 451; Fizini v. State, 100 S. W. Rep., 394.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted under an information and complaint charging him with violating the local option law; he was tried and convicted, from which conviction he prosecutes an appeal to this court.

Defendant filed a motion to quash the complaint and information on the ground that it did not run "in the name and by the authority of the State of Texas." The information copied in the record begins with those words, and the court did not err in overruling the motion.

The view we take of this case renders it unnecessary to pass on the question raised in the bill of exceptions that the court erred in refusing to permit appellant to withdraw his announcement of ready, on account of surprise. On another trial this question can not arise. The prosecuting witness, Swanzy Haltom, testified that on or about December 1 he got a quart of whisky from appellant at the Redlands Hotel, and gave him $1.50 to get the whisky. That he talked to another negro about the whisky, besides appellant, but he got it from appellant. On cross-examination he said he could not swear whether it was appellant or another negro who went and got it. Appellant testified that Mr. Haltom came to him at the Redlands Hotel, and said he had to ride fourteen miles that night, and asked him to get him some whisky; that he told him he did not know where he could get it; that Dawson McNeer came along and he called him and told him what Haltom wanted, and that Dawson McNeer got two pints of whisky and brought them to the Redlands Hotel and gave them to him to give Mr. Haltom, and he gave the two bottles to him. The defendant then placed Neil Butler on the witness stand, who testified that he heard the conversation between Mr. Haltom and appellant, and that he saw Mr. Haltom, appellant and Dawson McNeer talking. The defendant then offered to prove by the witness that he saw Dawson McNeer bring the two bottles back to the hotel and deliver them to appellant, and appellant give the whisky to Mr. Haltom. The State objected to the defendant being permitted to make this proof and the court sustained the objection.

The defendant's theory was that he acted only as agent of Mr. Haltom in securing the whisky and desired to prove by the witness Butler that he saw him, appellant, call Dalton McNeer, and give the $1.50, and that McNeer went off and was gone about forty minutes and returned and gave the whisky to appellant, who in turn gave it to Mr. Haltom. It may be that the testimony would not have been

true, and the jury would have so found, yet appellant had the right to introduce this testimony in support of his contention, and the court erred in excluding the testimony. While perhaps it would not be reversible error to refuse special charge No. 2 requested, yet it more aptly presents the question of agency than does the court's main charge, and on another trial the substance of it should be given.

For the error above pointed out in excluding the testimony of the witness Butler, the case must be reversed.

*Reversed and remanded.*