### SAM SMITH v. THE STATE.

No. 3028.   Decided February 25, 1914.

**1.—Theft of Cattle—Sufficiency of the Evidence.**

Where, upon trial of theft of cattle, the evidence sustained the conviction, there was no reversible error.

**2.—Same—Newly Discovered Evidence.**

Where the testimony set out in defendant's motion for new trial was not newly discovered evidence in the light of the record on appeal, there was no error in overruling same.

Appeal from the District Court of Grimes. Tried below before the Hon. S. W. Dean.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of cattle theft, his punishment being assessed at two years in the penitentiary.

There are no bills of exception in the record. The State contends that appellant sold the animal in question. This is conceded by appellant. Appellant's contention is that he had authority from the Richardsons to sell the calf in question, and for which they paid him. This is denied by the Richardsons. They claim they had authorized him to sell one yearling, but not the calf in question. Appellant sold two for which he received the money. We are of opinion the jury was justified in finding appellant guilty under the State's case.

Among other things appellant moved for a new trial, alleging newly discovered evidence. This was to show in effect by two witnesses that Richardson authorized appellant to sell the calf in question; that they heard Richardson tell defendant to sell it. In other words, without going into a detailed statement of the affidavits of the two witnesses, it is shown by them that they overheard a conversation between Richardson and defendant in which defendant was authorized by Richardson to sell the animal. These affidavits, the judge says, were not filed for thirty days after the trial and was contradictory of appellant's testimony on the trial, he having testified in his own behalf, and was not newly discovered in that these witnesses overheard the conversation and placed them in such position as defendant knew or could have known of their testimony. In the light of the record, we do not feel authorized to overrule the judge's conclusion on this matter.

The other matters set up in the motion for new trial are so generally stated that they are non-reviewable.

The judgment is affirmed.                    *Affirmed.*