CHRIS AND MARTIN HAVERBEKKEN V. THE STATE.

No. 4845. Decided January 30, 1918.

**1.—Affray—Joint Recognizance.**

A joint recognizance of several defendants is not permissible, and where such recognizance appeared in the record, the appeal must be dismissed with permission to enter into a new recognizance. Following Goldman v. State, 35 Texas Crim. Rep., 436, and other cases.

**2.—Same—Bills of Exception—Statement of Facts.**

Bills of exception, which have not been approved by the trial judge, and a statement of facts filed more than twenty days after the adjournment of the County Court, can not be considered on appeal.

Appeal from the District Court of Bosque. Tried below before the Hon. W. A. York.

Appeal from a conviction of an affray; penalty, a fine of one dollar against each defendant

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of recognizance: Cited cases in opinion.

MORROW, JUDGE.—Appellants were jointly tried and convicted of affray and each fined $1.

In appealing they made a joint recognizance. This, it appears, is not permissible under the decisions of this court. Goldman v. State, 35 Texas Crim. Rep., 436; Hogg v. State, 40 Texas Crim. Rep., 109; McMeans v. State, 37 Texas Crim. Rep., 130; Hodges v. State, 38 S. W. Rep., 1019; Bowers v. State, 33 S. W. Rep., 974; Irvin v. State, 32 S. W. Rep., 899. Under article 923 appellants would have the right, if they desired to, to amend their recognizance, in which event we will order reinstatement of the dismissal which must be ordered. Vernon's

C. C. P., p. 888, and cases cited; Chancey v. State, 48 Texas Crim. Rep., 535; Thomas v. State, 66 Texas Crim. Rep., 472, 147 S. W. Rep., 578; Cryer v. State, 36 Texas Crim. Rep., 621.

The State, through its Assistant Attorney General, calls attention to the fact, however, that the bills of exception in the record have not been approved by the trial judge. This, of course, is a requisite. C. C. P., art. 744, and cases cited thereunder. He also calls attention to the fact that the statement of facts was filed more than twenty days after adjournment of the term of the County Court at which the trial took place and for that reason objects to its consideration, citing C. C. P., art. 844a, and cases cited thereunder in Vernon's C. C. P.

The appeal will be dismissed with the permission to enter into a new recognizance if appellant so desires.

*Dismissed.*