Tom Gentry v. The State.

No. 7920.  Decided January 23, 1924.

**Selling Intoxicating Liquor—Circumstantial Evidence—Charge of Court.**

Where, upon trial of selling intoxicating liquor, the conviction depended upon circumstantial evidence, and a special charge upon that issue was requested and refused; the same is reversible error.

Appeal from the District Court of Hopkins.  Tried below before the Honorable Geo. B. Hall.

Appeal from a conviction of selling intoxicating liquor;  penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Connor & Ramey*, for appellant.

*Tom Garrard* and *Grover C. Morris*, Assistants Attorney General, for the State.

HAWKINS, Judge.—The conviction is for sale of whisky.  Punishment, one year in the penitentiary.

Timely exception was taken to the charge of the court because it contained no instruction on circumstantial evidence, and a special charge upon that issue was requested and refused.  The sale was alleged to have been made by appellant to one Angier, who was manager of a natatorium run in connection with a park near Sulphur Springs.  Angier's evidence in substance was, that he saw appellant at the natatorium on the day of the alleged sale, and smelling whisky on his breath asked if he could get witness some; that appellant seemed to be offended at the question, and witness explained that he was suffering by reason of having a tooth extracted the day before; that after this explanation appellant told witness he thought he could get him some; that witness gave him a check for $5.00 and pointed out a small window in the office and told appellant if he got the whisky to put it in this window, or if any one else brought it that appellant should tell them to put it there; that witness went to town and in about two hours returned and found the whisky where he had directed it to be left.  Witness was unable to remember whether he made check payable to appellant, or to "cash."  Up to the point of delivery of the check to appellant and his promise to try and secure the whisky for Angier the evidence is direct, but no sale of whisky had been consummated yet.  This direct evidence also raised the issue of agency on appellant's part in acting for the buyer.  No

witness saw the whisky placed in the window, the designated point of delivery, and no sale was completed until this delivery was made. The State relied upon proof of the fact that the whisky was found by Angier where he had told appellant to leave it, or have it left, as a circumstance from which the inference could be drawn that appellant placed it there, thus completing the sale, but after all it was only a circumstance. The evidence having raised the issue of agency for the buyer before the State was entitled to a conviction, it was bound to show to the satisfaction of the jury beyond a reasonable doubt that appellant either delivered the whisky in person at the designated point, or had it delivered there by his direction, while acting in the capacity of a seller of the liquor and not as agent for the buyer. This burden the State undertook to discharge by the facts already in evidence and by proof of other circumstances from which guilt as a seller might be inferred. By a merchant in the city the State proved that he cashed the check for appellant, it being payable to "cash", and that appellant told him the check was in payment for a pig he had sold to Angier.

Appellant says that prior to the transaction with Angier he met one Jim Hogan; that Hogan told him if he wanted a drink to come to the park; that on this invitation he went in company with one Carter to the park where Hogan had a covered wagon; that he gave appellant and Carter a drink of whisky after which he and Carter went to the cold drink stand at the natatorium and each drank a coca cola. His evidence does not vary from that of Angier as to their conversation about the whisky, his reception of the check and promise to try and get some whisky for Angier, and the latter's direction as to where it should be delivered. He further testified that after Angier went to town he (appellant) left Carter at the natatorium and went back to the wagon and bought from Hogan for Angier the whisky in question and told Hogan to place it in the window where Angier had directed it to be delivered; that Hogan would not accept the check in payment and that he (appellant) paid the money to Hogan and later cashed the check to reimburse himself; that he did not deliver the whisky and had no further connection with it, and did not see Hogan place it in the window; that after paying Hogan and telling him where to put the whisky appellant rejoined Carter and they returned to the city together. He admits telling the merchant who cashed the check that it was in payment for a pig, but says his reason for so stating was that he did not want to tell the party that Angier had been buying whisky. The witness Carter supports appellant in some particulars. He says the man in the wagon gave him and appellant a drink; that afterwards he saw appellant and Angier in conversation but did not hear it; that after Angier left for town appellant again went to the wagon; that when he came back he brought no package with him, and placed no package or bundle in

any window at the office, but rejoined witness and they returned to town.

It will be seen that appellant makes out a clear case of agency for the buyer which had also been suggested by the State's own witness. That some one made a sale of whisky during the transaction is not left in doubt; but the State was required to show appellant's participation therein as the seller, or the seller's agent, or as acting with the seller; if it has done this it was not by direct evidence but by proof of facts and circumstances from which guilt could be inferred, and all the facts and cricumstances taken together as proved must not only be consistent with the inference of appellant's guilt, but must at the same time, be inconsistent with the hypothesis that he is innocent.

From our analysis of the evidence we have reached the conclusion that the learned trial judge fell into error in declining to charge upon circumstantial evidence for which the judgment must be reversed and the cause remanded.

*Reversed and remanded.*