M<span>ARK</span> P<span>UTMAN</span> v. T<span>HE</span> S<span>TATE</span>.

No. 8040.   Delivered October 8, 1924.

Rehearing denied December 17, 1924.

**Sale of Whisky—Charge of Court—Agency.**

A charge of the court, authorizing a conviction, if appellant acted as the agent of a certain party as the seller, is proper if the evidence presents this issue, as it does in this case. If not raised it is error to submit an instruction thereon. (See Harris v. State, 49 Tex. Crim. App. R. 233.)

Appeal from the District Court of Hill County. Tried below before the Hon. Horton B. Porter, Judge.

Appeal from a conviction for selling whiskey; penalty three years in the penitentiary.

*Collins, Dupree & Crenshaw,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction is for selling whiskey, punishment three years in the penitentiary.

Error is alleged upon a charge authorizing conviction if appellant acted as the agent of a certain party as the seller, it being claimed that the evidence failed to raise such an issue. If the issue was not raised it was erroneous to submit an instruction thereon,—(See Harris v. State, 49 Tex. Cr. R. 233, 91 S. W. 590; Brewster v. State, 145 S. W. 339; Thomas v. State, 147 S. W. 578; Cowley v. State, 161 S. W. 471)—but we are not able to agree with appellant's contention in this regard. Appellant accounted for his presence at the point where the negotiations were carried on by claiming a message had been delivered to him requesting him to come; this was denied by the state's witnesses. Appellant by his own evidence appeared to know in what character of containers the alleged seller would have the whiskey, advising that a half gallon was the least amount and that no smaller bottles could be obtained. He also claimed that the alleged purchaser gave him ten dollars in advance which he paid for the half gallon of liquor; this was controverted by the purchaser who testified that he paid the ten dollars to appellant at the time the whiskey was delivered. We have not attempted to set out all the facts, but have reached the conclusion that under all the evidence the court was justified in permitting the jury to determine what appellant's real relation to the whiskey was,—that is, whether a straight seller, or an agent for the real seller, or only an accommodation agent for the buyer. These various issues seem to have been properly submitted.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

LATTIMORE, JUDGE.—In an extended and ingenious motion appellant urges that the learned trial judge was not justified in submitting to the jury the proposition that if appellant was acting as agent for the seller of the whisky in question, he should be convicted. This was but the converse of a proposition advanced by the appellant on the trial and which he attempted to support by evidence and had submitted to the jury in the charge. That appellant delivered to Mr. Counts a half gallon of whisky and received from him ten dollars in pay therefor, was not denied. The proposition of the State was that appellant made a sale direct to Counts, and appellant's contention was

that after discussing the matter of the whisky with Counts, he went off to where there was a Bohemian who had whiskey for sale and that he got from said Bohemian the half gallon of whiskey which he delivered to Counts and that he had no interest in the transaction. We do not attempt to set out all the facts, but we are of opinion the trial court was justified in submitting the converse of the proposition that appellant was the accommodation agent for the purchaser, and in telling them that if they believed beyond a reasonable doubt that he was the agent for the seller they could convict. We regret our inability to agree to the proposition regarding the application of circumstantial evidence, contended for by appellant. The cases discussed in the motion were considered by us at the time the original opinion was written.

The motion for rehearing will be overruled.

*Overruled.*