### GEORGE FLOYD V. THE STATE.

No. 9127.    Delivered December 16, 1925.

1.—Selling Intoxicating Liquor—Charge of Court—Held, Incorrect.

Where, on a trial for the sale of intoxicating liquor, appellant's defense being that he purchased the whiskey as the agent of the buyer, it was error for the court to charge the jury, in effect, that such purchase by appellant would warrant his conviction as a principal of the seller. The authorities are clear and unequivocal to the effect that the giving of such a charge is reversible error. Following Harris v. State, 49 Tex. Crim. Rep. 233, 91 S. W. 590, and other cases cited.

Appeal from the District Court of Wichita County. Tried below before the Hon. Guy Rogers, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty a year and a day in the penitentiary.

The opinion states the case.

*Mathis & Caldwell,* Wichita Falls, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the District Court of Wichita County for the offense of selling intoxicating liquor to one B. M. Newton and his punishment assessed at confinement in the penitentiary for a year and a day.

The witness Newton testified as follows:

"I am acquainted with the defendant, George Floyd. I have known him about four or five months. I saw him on or about the 11th day of June of this year. I bought some whiskey off of him, about that date. I bought a beer bottle, one pint; this looks to be the same bottle of whiskey; in my opinion it is the same bottle. The bottle that I bought contained whiskey; this bottle contains whiskey. I paid the negro $3 for the whiskey."

Appellant testified in his own behalf as follows:

"I remember when I was arrested about the tenth or the eleventh of June. I was working at the Savoy Hotel at the time, as porter. I was sitting out in front of the hotel there on a chair, and Mr. Newton walked up and asked me did I know where he could find any choc beer. I told him I did not. He asked me did I know where he could find any whiskey. I told him I did not know whether I could or not. He said 'could you get me any?' I said 'I do not know.' He said 'well, I am going up on the street and I will be back after a while, and see if you can get me some.' While Mr. Newton was gone, two men in a Dodge car drove up and asked me if I wanted to buy any whiskey. I told them no. They asked me would I take some and keep it in the hotel and sell it. I told them no. They asked had anybody been down there tonight that wanted any whisky. I told them one man came by here a while ago and said he would be back. He was gone a few minutes and he came back. When he came back he asked me about it. I said, 'I think that I can get you some,' and I went to the car where the men were and they gave me the liquor and I gave it to Mr. Newton. I gave the men three dollars. Mr. Newton gave me three dollars. They took three dollars off of me that night. I did not get any money out of the transaction."

Recalled by the State, Newton testified as follows:

"I heard the defendant's testimony. I do not remember whether I asked him for choc beer. I do not think that I did. The defendant did not tell me that there were two men that he could get a bottle of whiskey from. I never did leave there. I judge the transaction happened in four to seven minutes all told. That is my opinion."

The foregoing testimony substantially states the issues involved in the case. Under this state of the record the court charged that if the defendant bought the liquor in question from another person or persons as agent of the purchaser and

that appellant was in no way interested in the transaction in behalf of the seller to acquit defendant. However, he also charged that "all persons are principals who are guilty of acting together in the commission of an offense, when an offense is actually committed by one or more persons and others are present and knowing the unlawful act, aid by acts or encourage by words or gestures those who are actually engaged in the commission of an unlawful act, such persons there aiding or encouraging are principal offenders and may be prosecuted as such. Now, bearing in mind the foregoing instructions, if you find and believe from the evidence beyond a reasonable doubt, that some person or persons in Wichita County, Texas, on or about the 11th day of June, 1924, sold spirituous, vinous or malt liquor capable of producing intoxication to B. M. Newton; and you further find and believe from the evidence, beyond a reasonable doubt, that the defendant, Geo. Floyd, was present at the time and place, and knowing the unlawful intent of said person or persons, aided by acts or encouraged by words or gestures such person or persons in the sale, of intoxicating liquor, if any was there sold, then you will find the defendant guilty as charged in the second count of the indictment and assess his punishment as set forth above."

Appellant levels many objections at this charge on principals, among which, one was to the effect that the issue was not raised by the evidence. It was clearly calculated to prejudice the rights of defendant and if it did not altogether nullify the charge given on the question of an innocent agent of the purchaser it certainly had a strong tendency to do so. The authorities are clear and unequivocal to the effect that the giving of this charge under the facts in this case was reversible error. Harris v. State, 49 Tex. Crim. Rep. 233, 91 S. W. 590; Brewster v. State, 145 S. W. 339; Thomas v. State, 147 S. W. 578; Cowley v. State, 161 S. W. 472.

There are various other complaints urged by defendant but as the question may not arise again in the same form in the event of another trial we do not deem it necessary to discuss them.

For the error of the court in charging on principals it is our opinion that the judgment should be reversed and the case remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been

examined by the Judges of the Court of Criminal Appeals and approved by the Court.