SHANNON BOTHWELL v. THE STATE.

No. 14992. Delivered April 6, 1932.
Rehearing Denied May 18, 1932.

The opinion states the case.

*Perkins & Perkins,* of Rusk, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Selling intoxicating liquor is the offense; the pnishment, three years in the penitentiary.

The testimony of the state in brief was as follows: The alleged purchaser, Ernest Sides, with two other men drove in an automobile from Maydelle to the town of Rusk and after driving around in Rusk they met the appellant, and Sides, who knew him, called appellant to the car in which they were driving and asked him if he knew where to get anything to drink, and appellant replied that he did not have any but thought he could find some. Appellant then got on the side of the car in which the others were riding and they drove out towards the edge of the town and stopped the car near a tree by the side of the road. The said Sides and the appellant got out of the car and a short distance from the car the witness Sides stopped and the appellant went off out of his sight, it being night, and was gone five or ten minutes. When he came back, he brought with him a half-gallon of whisky which he gave to the said Sides, who paid him $4 therefor. Appellant did not make any statement as to who he got the whisky from or where he got it. They then drove back to town and appellant got out of the car.

Another witness for the state, who was in the car with the said Sides, testified substantially to the same facts. He stated that when Sides asked the appellant about some whisky, appellant replied that he didn't have anything but knew a fellow that might have some.

Appellant complains of the failure of the trial court to submit to the jury the question of agency of the appellant for the buyer. Appellant cites in support of his contention that the evidence raises the issue of the appellant being the agent of the buyer in the cases of Floyd v. State, 102 Texas Crim. Rep., 392, 278 S. W., 206, and also the case of Gentry v. State, 96 Texas Crim. Rep., 374, 257 S. W., 1102. We do not think the cases cited are in point. In the Floyd case, supra, the appellant testified, and his evidence affirmatively raised the issue, and the court charged thereupon. The case was reversed on the charge of principals and not on the question of the innocent agent of the purchaser. In the Gentry case, supra, the appellant testified to being the agent for the purchaser and that issue was submitted to the jury. The case was reversed solely for the failure to give a charge on circumstantial evidence. The legal question presented in this case is: If the evidence was sufficient to raise the issue that appellant acted as the agent of the purchaser, the court should have charged upon that issue. It is believed, however, that the refusal of the court to instruct the jury on the law of agency of the appellant for the buyer was not error.

The appellant did not introduce any evidence upon that issue and did not testify himself. He delivered the whisky in person. He made no statement at the time of the delivery of the whisky that he had purchased said whisky or where he got it, and he received the money therefor from the purchaser. There was no evidence suggesting that he was an agent for the purchaser, save the appellant's statement that he did not have any whisky but thought he could find some, or knew a fellow that might have some. We do not believe the evidence was sufficient to require the court to submit the issue of agency. Some analogous cases are the following: Rippey v. State (Texas Crim. App.), 81 S. W., 531; Johnson v. State (Texas Crim. App.), 77 S. W., 225; Sebastian v. State, 44 Texas Crim. Rep., 508, 72 S. W., 849; Taylor v. State (Texas Crim. App.), 75 S. W., 536; Holley v. State, 46 Texas Crim. Rep., 324, 81 S. W., 957.

Appellant's motion for new trial was in part predicated on newly discovered evidence, it being averred therein that one L. W. Parmley would testify that on the last night of May, 1929, the time when the sale was alleged to have taken place, he was in the woods just east of the school house in Rusk, Texas, and about 10 o'clock an automobile drove down towards Judge Guinn's house and stopped just on the edge of the woods; that he secreted himself in the woods and saw Ernest Sides and the appellant get out of an automobile and walk in the woods; that they left two men in the automobile and the said Sides came a few yards east in the woods and stood there, and the appellant came on east just under the hill and told Marshall Buxton, who was there with some whisky, that if he would let him have a half-gallon, he had a friend who sent him for it and he would collect the money for it when he delivered the whisky and would give the money to Buxton; that he was in the brush and just a short distance north of where this happened, and he heard Buxton tell appellant to be sure and get the money when he let the whisky go. The appellant went back to where Sides was sitting and they went to the car; that he, Parmley, sat in the courtroom and heard the trial of the appellant and he knew that he did not sell the whisky, and after the appellant was convicted he felt that he should tell about it, and he told· the appellants' father about the matter.

Attached to appellant's motion for new trial, in addition to the affidavit of Parmley, was the affidavit of appellant's father to the effect that about a week or ten days after the trial of his son, L. W. Parmley told him about the matter and it was the· first information he had in regard to the matter.

The state contested appellant's motion for new trial and filed controverting affidavits, two of which were from the persons who were riding in the automobile with the purchaser at the time the liquor was delivered to said purchaser. Their affidavits were to the effect that the pur-

chaser and the appellant did not go into any woods; that the appellant went off and returned from a different direction than that referred to in the affidavit by Parmley, and they did not see anyone in the vicinity of the place where the sale took place, and never at any time saw the appellant and Sides walk out into the woods together, nor did they leave the car and go off in an easterly direction; that they never heard any conversations between any parties at or near where the purchaser's car was parked.

The affidavit of R. R. Gray, the sheriff of Cherokee County, was also attached to said motion for new trial, and was to the effect that when the warrant was issued for the arrest of the appellant, he immediately began a search for him, and the appellant, when he received word that Sides and the two parties who were in the car with him at the time of the purchase of the whisky were in town testifying before the grand jury, immediately left town and was gone for about two years before he, the sheriff, could locate him and apprehend him. He also stated in said affidavit that J. W. Bothwell, the father of the appellant, and said L. W. Parmley both lived in the town of Rusk and associated together and were well acquainted, and the said father of appellant was frequently seen in said Parmley's company, and he was requested to summon L. W. Parmley as a witness on the hearing of this motion for new trial, and after diligent search and inquiry was unable to locate him in Cherokee county or elsewhere.

We are of the opinion that the appellant failed to show that it was not owing to a want of diligence that the evidence in question was not discovered sooner. It is the general rule that the discretion of the trial court in overruling a motion for new trial sought to obtain testimony claimed to be newly discovered will not be revised on appeal if it appears that the accused failed to exercise due diligence to produce such testimony at the time of the trial. Branch's Annotated P. C., sec. 198. See Shultz v. State, 5 Texas App., 390; Fowler v. State, 66 Texas Crim. Rep., 500, 148 S. W., 576; Childs v. State, 10 Texas App., 183.

We are also of the opinion that it clearly appears from the affidavits filed contesting said motion for new trial that the trial court was justified in concluding that the alleged newly discovered evidence is not probably true. We quote the rule from Branch's Ann. Penal Code, sec. 200, as follows: "Where it clearly appears newly discovered testimony is not probably true, either by reason of the facts proven at the trial or by the controverting affidavit on the motion for new trial, or otherwise, a new trial sought on that ground is properly denied." See, also, Cole v. State, 16 Texas Crim. Rep., 461; Smith y. State, 28 Texas App., 309, 12 S. W., 1104; Smith v. State, 73 Texas Crim. Rep., 145, 164 S. W., 825.

Finding no error that would call for reversal of the case, the judgment is affirmed.                                   *Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The record has again been examined in the light of appellant's motion for rehearing. It is silent upon what ground the trial judge based his action in overruling the motion for new trial predicated upon alleged newly discovered evidence. The motion was addressed to the sound discretion of the court. Before he would be authorized to award a new trial it was incumbent upon appellant to satisfy the court that the alleged newly discovered testimony had come to his knowledge since the trial, and was such that reasonable diligence could not have secured; it must also have been probably true; it must also appear that it is reasonably probable that it would change the result upon another trial. In overruling the motion the presumption obtains that the court found against appellant upon some or all of the points necessary before a new trial will be awarded upon alleged newly discovered evidence. We are impressed from the record that the court was well within his discretion if he predicated his action upon the proposition that the claimed new evidence was not probably true.

The motion for rehearing is overruled.

*Overruled.*