## ALBERT JOYNER V. THE STATE.

No. 16719.    Delivered April 25, 1934.

The opinion states the case.

*Trueman E. O'Quinn* and *E. H. Smartt,* both of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for ninety-nine years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Mattie Mallett by shooting her with a gun.

The parties involved are negroes.   Althought they were not married, appellant and deceased lived together.   Their relations had not always been pleasant, the testimony being to the effect that on several occasions they had quarreled.   Appellant testified that sometime prior to the homicide he and deceased had had a quarrel resulting in deceased making a threat to kill him. On the occasion of the homicide appellant and deceased were walking along a road. Deceased was carrying a satchel, in which she had some wearing apparel.   According to the testimony of the State, appellant, without provocation, drew a pistol and shot deceased several times.

Appellant testified that deceased had become angry with him because he intended to go to Brenham.   We quote from his testimony:

"Well, first one word and then another; she got angry and commenced cursing me hard.   When she commenced cursing me and carrying on I walked on and left her, and when I looked around she was rushing me and reaching in this satchel for something, trying to get something out of the satchel.   So quite naturally I ran off from her, and I turned around and said, 'Oh,

don't do that.' And when I run off from her she kept rushing me. I told her to stop. She didn't stop, and I jerked out my gun that way (illustrating) and shot. When I shot she was still coming, she was still rushing me, and quite naturally I turned and run off a little further. Well, I made another fire. If I made another one,—I don't remember how many I made, only I know I made two. When the first two shots was made she was following me; she was coming after me all the time; she never did break down after the first two shots. But now if I made any more shots I don't remember about the other shots at all, because she was rushing me all the time. * * * The reason I shot Mattie (deceased) is she had been threatening my life so much until I was really scared of the woman; I was really scared of her, she had been threatening me so much. * * * When I shot Mattie she was not running from me, she was coming toward me all the time. With reference to whether she ever said anything, well, when I first pulled fire, she told me, 'You had better not let me get my hands on you,' and I made a fire then; I made the fire after she said, 'You had better not let me get my hands on you.' I knew Mattie Mallett's (deceased's) reputation for being either a violent and dangerous character, or a kind and inoffensive disposition. That reputation was that she was dangerous. From that I would say that she was a person who would reasonably be expected to carry out a threat made. At the time I shot Mattie I thought she was about to carry out the threats she had made previously; that is the very reason I done it, trying to protect myself."

The court charged on murder and murder without malice. No affirmative defensive theory was submitted to the jury. Appellant timely and properly excepted to the charge for its failure to submit an instruction covering the law of self-defense. In failing to amend the charge, we think the trial judge fell into error. We quote from Branch's Ann. P. C., sec. 1970, as follows:

"If there is evidence raising the issue of self-defense the court is not the judge of its probable truth, but that issue should be fairly and affirmatively submitted to the jury."

In support of the text many authorities are cited, among them being Snell v. State, 29 Texas App., 236; Ennis v. State, 38 S. W., 998; Newsome v. State, 75 S. W., 296; Carden v. State, 138 S. W., 397. The State's attorney before this court confesses error.

Appellant does not appear to have excepted to the charge for its failure to submit an instruction covering self-defense based

on threats. In view of another trial, it is suggested that an instruction covering the subject last mentioned be submitted.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.