LOYD HOLLIS v. THE STATE.

No. 22091. Delivered May 6, 1942.

The opinion states the case.

*G. C. Harris,* of Greenville, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was charged by complaint and information with the sale of a pint of wine to Ray Nichols and assessed a penalty of $100.00.

The prosecuting witness who is a representative of the Liquor Control Board testified that he went to appellant at Barkley's Garage in the town of Greenville and bought from him a pint of wine for fifty or sixty cents. In approaching appellant the witness told him that he had seen Vester Faulkner at his filling station a short distance away, but the purpose in telling appellant this was not explained. Vester Faulkner was then placed on the witness stand and testified that on the previous day he saw Hollis and, upon learning that he was going to Dallas, asked him to brink back a pint of wine. He didn't furnish Hollis the money to buy it, but intended that appellant should advance the money and he would repay him the price, whatever it was, upon his return. On the day of the sale the witness Nichols came to Faulkner and, among other things, asked if he knew where he could get a drink, to which the witness replied that "a fellow was to bring me back a pint from Dallas and that if he (Nichols) was so mind to he could go up and get it." Nichols then asked for the name of such party and left.

Appellant testified in his own behalf, admitting the delivery of a pint of wine to the prosecuting witness. He details the story about Faulkner's request and his purchase of the wine for Faulkner on Sunday in Dallas at a little cafe on Second Avenue for which he paid fifty cents. He said it was the under-

standing between him and Faulkner that he would be repaid the exact amount of its cost and no more. On the following day before appellant had delivered the wine to Faulkner, Nichols came to his place and asked if his name was Hollis and then "said he had seen Vester Faulkner and that he (Vester Faulkner) said for me to let him have what I had for him (Vester Faulkner)." Appellant then said he went to the car where he had left the wine and gave it to the witness, receiving from him fifty cents, the amount he paid for it. He declares he had no intention of selling the wine, but thought that Nichols had merely come to get it for Faulkner.

The record is before us with fourteen bills of exception, but it will be sufficient to consider only one.

When the court submitted his charge to the jury he presented no affirmative defense. Exception was duly made and then appellant tendered an appropriate requested charge on the question of agency which the court refused to give. It appears that the learned trial judge did not consider that the evidence presented a question of agency and that it constituted no defense to the prosecution. In this we think there was error.

In Branch's Ann. Penal Code, Art. 1248, in discussing agency it was said, "If defendant is not interested on behalf of seller he is not guilty of selling, though he advances all or part of the purchase price which prosecutor afterwards repays him," citing Choate v. State, 83 S. W. 377 and Winslow v. State, 98 S. W. 241. It is further said in the same section, "If there is evidence that defendant bought the liquor from another as the agent of the purchaser, and that defendant was in no way interested on behalf of the seller, it is error to refuse a charge affirmatively presenting this issue." Many cases are cited in support of this section, some of the later ones being Johnson v. State, 140 S. W. 337; Brewster v. State, 145 S. W. 339; Jones v. State, 147 S. W. 251; Scott v. State, 153 S. W. 872 and Cowley v. State, 161 S. W. 472. It has also been held that when agency is an issue it is error to charge that if defendant delivered the liquor and received the money from prosecutor, it would be a sale. Strickland v. State, 47 S. W. 721.

We know of no provision in the present liquor control act which would in any way change or modify that line of decisions and the holding therein is in accord with our idea of the cre-

ation of the relationship of principal and agent. (2 Tex. Jur. p. 384.)

We recognize the confusion once existing on this subject and the apparent misunderstanding of the province of the court and jury in passing upon the matter, but we believe that when proper attention is given to the burden cast on the party on trial to show that he purchased the liquor at the request and for the benefit of the buyer for whom he acted; that he purchased it from another for that specific purpose instead of delivering it from a stock of his own, together with other constituent elements creating an agency in behalf of a purchaser with an absence of interest in the seller, under such conditions, there is a lack of necessity for confusion.

The case before us is a very simple one. Appellant was entitled to the charge requested in the absence of a general charge properly submitting affirmatively his defense.

The judgment of the trial court is reversed and the cause remanded.