R. E. Sebastian v. The State.

No. 2522.    Decided February 25, 1903.

**1.—Local Option Election.**

The commissioners court may, of its own volition, order a local option election; and in declaring the result it is not necessary to incorporate exceptional sales nor the manner in which the law excepts such sales; and it becomes established as a law by entry of the county judge certifying that result, and that it was published, as required by law, the proper length of time.

**2.—Same—Charge of Court.**

Where the local option law had been put into operation in a county by the orders of the commissioners court declaring the result of the election, and the proper publication has been made of the result, it was proper for the court to charge the jury that the law was in force in said county.

**3.—Same—Evidence.**

On a trial for violating local option, where it appeared that the liquor sold by defendant to one M. was identified, and that M. carried it immediately to one H., and they drank it, it was competent to prove by H., though not an expert, that the liquor was alcohol, and was intoxicating.

**4.—Same—Alcohol—Charge.**

On a trial for violating local option, where it was proved that the liquor sold by defendant was alcohol, it was not error for the court to instruct the jury that alcohol was an intoxicant; and such charge was not upon the weight of evidence.

**5.—Same.**

On a trial for violating local option, where there is no evidence that defendant was the agent of another in the purchase of the liquor, it is not error for the court to fail or refuse to charge upon such issue.

**6.—Same—Evidence Sufficient.**

See opinion for facts, held sufficient to support a conviction of violating local option.

Appeal from the County Court of Hale.    Tried below before Hon. W. C. Mathes, County Judge.

Appeal from a conviction of violating local option; penalty, a fine of $50 and twenty days imprisonment in the county jail.

The opinion sufficiently states the case.

*Wilson & Kinder* and *H. C. Randolph,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State

DAVIDSON, Presiding Judge.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $50 and twenty days confinement in the county jail.

Exception was reserved to the introduction of the order of the commissioners court, under and by virtue of which the election was held; also the order of said court declaring the result, and entry by the county judge certifying the result of said election had been published for four successive weeks in the Hale County Herald, on June 13, 20, and 27, and July 3, 1901. This entry by the county judge was made on the 10th of July, 1901, seven days after the last day of publication. The objection to the first two orders was "because local option did not exist

in the county;" second, that the result was not properly published; and, third, said order "does not prohibit the sale of liquor by every one." These matters have been so frequently decided that we deem it hardly necessary to discuss them. The commissioners court, of its own volition, had the authority to order the election. It is not necessary to incorporate, in the order declaring the result, exceptional sales; nor the manner in which these sales are excepted from the provisions of the law; and that the law was published the proper length of time is made certain by the statement of the county judge that it was published on June 13th, 20th, and 27th, and July 3d. The certificate of this fact was entered on the minutes of the court on July 10, 1901. Wherein the publication was not for four successive weeks, or the proper time required by law, is not pointed out by appellant in any of his attacks upon the orders of the court. It is simply a statement.

The court charged the jury that the law was in force in the county. Under the facts of this case, this was correct. Under the provisions of the statute, the law was put into operation in that county by the orders and declarations of the result and the proper publication. Until this has been in some way attacked, the court is justified in informing the jury that the law is in force. If there had been an attack upon the legality of the election, and there was evidence tending to cast doubt upon it, or to raise the issue as to whether the law was properly put into effect in the county, the court would have been in error in assuming that it was in operation; and in such an event it should have been submitted to the jury, under proper instructions, as to whether or not it was in force. But that rule does not apply here, nor has it since Irish v. State, 34 Texas Crim. Rep., 130.

Hunsaker was permitted to testify that "he drank some of the stuff. Mapes brought it from some place, and told me he had something to drink. I asked him what it was, and he told me it was alcohol; told me where he got it, and I drank some of it." This was objected to because irrelevant, immaterial, and hearsay, and made in the absence of the defendant. The bill is confused and uncertain to some extent; but the evidence shows that Mapes bought the alcohol from appellant, and immediately carried it over to Hunsaker, and himself, Keith, and Hunsaker drank a pint bottle of it. Mapes testifies this was the identical alcohol or liquor that he bought from appellant, and that he immediately carried it to Hunsaker, and the parties mentioned drank it. Hunsaker seems to have been placed upon the stand to prove that it was alcohol; that was the force and point of his testimony. While this might be said to be matters occurring between Hunsaker and Mapes, at the same time this alcohol was identified as being that purchased from defendant; and the State was seeking to prove its intoxicating properties. This objection would be more to the weight than to the admissibility of the testimony. Unquestionably the evidence of an expert could have been used, if he analyzed the liquor and testified in regard to the result reached by the analysis. How expert Hunsaker

may have been, he testified that it was alcohol. While it may not have been as cogent as that of an expert, or may have been more so, according to the belief of the jury, still it was admissible to prove that the liquor bought by Mapes was intoxicating. As before stated, it was unquestionably identified as the liquor sold by appellant to Mapes. We think this testimony was properly admitted.

A special charge was asked defining intoxicating liquors within the meaning of the law; that is, "such as intended for use as a beverage, or is capable of being so used, which contains alcohol, either obtained by fermentation or by the additional process of distillation, in such proportion that it would produce intoxication when taken in such quantities as may practically be drunk; and, unless you believe from the evidence beyond a reasonable doubt that the liquor sold by the defendant comes within the above definition, you will find defendant not guilty. It was not necessary to give this charge, as there was no question that alcohol is intoxicating; and the proof shows that the liquor sold by appellant to Mapes was alcohol. However, the court did charge the jury that alcohol was an intoxicant. We believe the court was correct; and such charge was not upon the weight of evidence.

The court was also requested to charge the jury, if they should believe that defendant purchased intoxicating liquors for Mapes, or acted as the agent of said Mapes in the purchase of the intoxicants, they would find him not guilty. This might be a proper charge under a statement of facts suggesting that issue, but there was nothing in this record indicating appellant bought the alcohol from anybody. Appellant did not see proper to introduce evidence, but rested upon the testimony of the State. Mapes testified that he gave appellant $1 with which to buy him something to drink, and asked appellant if he could get it for him. He said he would try, but did not know whether he could or not. He went out and came back after a short time and "told me that I would find it by some barrels by the bathroom. I went back there and found two small bottles. I think they were half-pint bottles. I took them over to Hunsaker's place of business, and Hunsaker, Fred Keith and myself drank one of the bottles. I think it was alcohol in the bottles." We do not believe this evidence suggested appellant bought the intoxicants.

The evidence is sufficient to sustain the verdict of the jury and the judgment is affirmed.

*Affirmed.*

[Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]