H. J. Gentry v. The State.

No. 13297. Delivered April 30, 1930.
Rehearing denied June 4, 1930.
Reported in 28 S. W. (2d) 793.

The opinion states the case.

*Vickers & Campbell* of Lubbock, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—Unlawfully selling intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for a period of two years.

Farris, the alleged purchaser, a peace officer, made an appointment with the appellant to meet him, and upon their meeting the appellant said: "I am ready now to get the dope—to get the whisky for you." From the testimony of the witness we quote:

"He (appellant) said that he didn't have the whisky but that he could get it. 'If you want corn whisky it will cost two dollars a pint; if you want rye whisky it will cost you two dollars and a quarter. It is good stuff.' "

The witness agreed to take two pints and gave the appellant a five-dollar bill and received fifty cents in change. Quoting:

"Mr. Gentry took me around to his house, and he told me that he didn't feel safe about this other fellow. He said, 'You don't know who I am, and I don't know who you are.' When we got down to that little place, he said, 'You will find it right there in that little box. You will find your whisky right there in that little box.' "

The witness reached into the box and got one bottle of whisky. Desiring that the appellant deliver the whisky to him, the witness made the pretense that he found but one bottle. Appellant then said, "You will find the whisky in that box," after which he took the bottle therefrom and handed it to the witness.

The legal question presented is the complaint of the failure or the refusal of the court to submit to the jury the question of agency of the appellant for the buyer. Reliance was placed upon the case of Gentry v. State, 257 S. W. 1102. It is believed, however, that the refusal of the court to instruct the jury on the law of agency of the appellant for the buyer would not authorize a reversal of the judgment. The appellant having testified in the present instance and in his testimony having made no suggestion of agency and there being no State's evidence suggesting that issue save the appellant's statement that he did not have any whisky, the accompanying statement imputed to him by the State's witnesses, together with his subsequent acts and conduct as detailed by the State's witnesses, was such as to exclude the defense of agency. Analogous cases are the following: Rippey v. State, 81 S. W. 531; Johnson v. State, 77 S. W. 225; Sebastian v. State, 44 Tex. Cr. R. 508.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We re-affirm what was said by us in the original opinion, viz.: that where there is no suggestion in testimony of the agency of the accused for the purchaser of the liquor alleged to have been sold by him, it will not be error to decline to submit the issue of agency. Appellant denied the transaction in whole, and in no way admitted or claimed that he was acting for anyone else in procuring the liquor. We have again examined the only authority cited in the motion, which was adverted to in our original opinion, but think it not on facts making it applicable.

The motion for rehearing is overruled.

*Overruled.*