A. J. LANHAM v. THE STATE.

No. 14554.   Delivered November 25, 1931.
Rehearing Denied March 9, 1932.

The opinion states the case.

*J. F. Taulbee,* of Georgetown, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Selling intoxicating liquor is the offense charged; the punishment, confinement in the penitentiary for one year.

W. S. Smith, the alleged purchaser of the liquor from appeallant, testified positively that he purchased from appellant two ten-gallon kegs of whisky for which he paid him $70; that the payment was made by check, which was made payable to cash or bearer. The check was offered in evidence and the banker who cashed the check identified the appellant as the man who received the money and endorsed the check. The defense was that a few days prior to the time of the alleged sale and delivery of the whisky, the appellant and others met at a filling station which had formerly been run by the appellant. The appellant testified that the alleged purchaser, Smith, had some whisky in a bottle with him and that they began to drink and began matching money and that in the matching of coins the appellant won from the said Smith the sum of

$20 for which Smith gave him a check for that amount. The game continued and got to the point where Smith owed him $50 more and gave him a check for that amount, and that the $70 check was the conversion of the $50 and $20 checks into a new check for that amount. The appellant denied that he sold W. S. Smith any whisky or that he delivered any whisky to him. Testimony was admitted in evidence tending to corroborate the appellant's defense.

Bill of exception No. 1 complains of the receipt in evidence of the testimony of the witness who found a ten-gallon keg of whisky on the premises of the alleged purchaser. The bill of exception was qualified by the trial court to the effect "that W. S. Smith, the alleged purchaser, testified that he had purchased twenty gallons of whisky from the appellant and appellant had brought two ten-gallon kegs containing liquor to his house and left them in his house; that the said W. S. Smith went to sleep and when he awoke one of the kegs of whisky was gone and therefore he carried the other keg to his barn. That the testimony of Charley McCarver was to the effect that on the next day he got a keg of whisky from Smith's barn and brought it to Georgetown and delivered it to B. M. McLaughlin, the deputy sheriff, and thereafter said McLaughlin took the witness stand and identified the keg and its contents there in court as being the keg and contents delivered to him by said Charley McCarver, and further testified that the contents of the keg was whisky; that the witness W. S. Smith also testified that the keg then in court 'looks like one of the kegs delivered to me'." The qualification of the court further shows that the testimony was offered by the state and admitted among other things for the purpose of tracing the keg and its contents from the defendant to the court room and to show the liquor contained therein was whisky.

In the light of the facts as well as the qualification, we believe that the testimony was admissible. If the bill of exception is to be given the construction that appellant seeks to give it, the keg of whisky was obtained by an unwarranted search, but the appellant was in no position to complain because it was not on a search of his premises that the liquor was found.

Bill of exception No. 2 complains of the failure of the trial court to charge on the issue of agency in his main charge to the jury.

Bill of exception No. 3 complains of the action of the trial court in giving in charge to the jury, after the argument of the case had begun, a charge on agency, for the reason that the court had overruled the defendant's request to charge on the law of agency before the argument commenced and because said charge at the time it was read to the jury was a handicap to the defendant in that he would have no opportunity to reply to the argument that might be made by the prosecution in his construction of said charge, and because said additional charge was confusing

in that the court did not define "agency" but left it to the jury to determine what is meant by the word "agency" in said charge. Bills of exception 2 and 3 will be considered together.

The qualification of the trial judge of said bills shows that while the counsel for appellant was making his argument to the jury, the court deemed it advisable to then give the additional charge on agency and so informed appellant and his counsel; that appellant's counsel made no objection and stopped his argument, and the trial court prepared such additional charge and submitted same to the defendant and his counsel for such objections and criticisms as he might choose to offer; that no objection was made to the giving of such charge and the only objection made to it was to give its contents, and the court thereupon informed counsel for the defendant that he could then conclude his argument to the jury and could have all the time he desired to argue the facts and the law as he chose, and that thereafter counsel for appellant was permitted by the court to make such argument as he chose without interference. The court further in his qualification stated that he did not certify as a fact that the prosecution would have argued this charge in his opening argument, even if the same had been included in the charge as read to the jury before any argument was made.

If we understand appellant's main contention, it is that the court could not give any supplemental charge after argument had begun. Under article 660, Code of Criminal Procedure, it is provided, among other things, that: "After the argument begins no further charge shall be given to the jury unless required by the improper argument of counsel or the request of the jury, or unless the judge shall, in his discretion, permit the introduction of other testimony."

In considering the question as to whether there was such error in the giving by the trial court of the supplemental charge after the argument had begun as would call for reversal, article 666 of the Code of Criminal Procedure must be considered in connection therewith, which in part provides: "Wherever it appears by the record in any criminal action upon appeal that any requirement of the eight preceding articles have been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of the defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial."

We do not believe under the facts that the question of agency was in this case. The appellant having testified in this case and in his testimony having made no suggestion of agency and there being no state's evidence suggesting that issue, save the appellant's statement testified to by the alleged purchaser, W. S. Smith, that when he stated to the appellant that he wanted some whisky that the appellant replied to him that he didn't have it but that he could get some and bring it to said Smith.

Appellant denied the transaction in whole and in no way admitted or claimed that he was acting for anyone else in procuring the liquor. "If there is no evidence raising the issue that defendant was an agent of the purchaser it is not error to refuse to charge on such theory." Branch's Penal Code, sec. 1248, page 714, and authorities cited thereunder. See, also, Gentry v. State, 115 Texas Crim. Rep., 400, 28 S. W. (2d) 793; Sebastian v. State, 44 Texas Crim. Rep., 508, 72 S. W., 849.

But if it be conceded that the issue of agency was raised, we see no reason for the reversal of the case. Appellant had excepted to the main charge of the court because of its failure to submit the issue of agency. Taking the charge as a whole and as originally given and as supplemented, we do not believe that the rights of the defendant were injured and it does not appear from the record, as we view it, that the appellant has not had a fair and impartial trial.

No reversible error appearing, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Mr. Smith testified that he bought whisky from appellant. Appellant denied it. The verdict evidences the fact that the jury believed Smith. This was within the province of the jury.

Appellant excepted to the court's charge for its failure to define agency. During the argument the court changed his mind, and gave a fair charge on agency. We think appellant can not complain that the court then charged on agency, merely because such charge was given after the argument began and before it was finished. The bill presenting this complaint shows that the court offered appellant all the time that he might desire to make further argument, after said charge was given.

Nor do we think the "agency" charge erroneous in failing to define agency. The charge was couched in such language as to render unnecessary such definition. The facts appearing in the record were amply sufficient. Appellant's other complaints have been examined but are not deemed sound.

The motion for rehearing will be overruled.

*Overruled.*