**Clyde HENDRIX, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43230.**

Court of Criminal Appeals of Texas.

Nov. 18, 1970.

Gordon F. Johnson, Odessa, for appellant.

John H. Green, Dist. Atty. and John L. Hoestenbach, Asst. Dist. Atty., Odessa, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is murder with malice; the punishment, life.

The indictment alleged the murder of Dwain Dwight Creekmore in Ector County, Texas, on or about the 20th day of July, 1968. Trial before a jury on June 3, 1969, was on a plea of not guilty and the jury assessed the punishment.

The record on appeal, accompanied by briefs filed in the trial court, was filed in this court on June 10, 1970.

Court appointed counsel who represented appellant at his trial was permitted to withdraw after sentence and his present counsel was appointed and has briefed and argued the appeal.

Six grounds of error are set forth in appellant's brief.

The sufficiency of the evidence to sustain the conviction of murder with malice is challenged.

The case was submitted to the jury as one of circumstantial evidence and on the law of principals.

Viewed from the standpoint most favorable to the state, the record reflects the following evidence.

During the daylight hours of July 20, 1968, appellant and James C. Hamilton moved some furniture for Mrs. Myrle Sanders, who had a .22 caliber pistol on a night stand at the residence where appellant and Hamilton had been working. At about 9 P.M. Mrs. Sanders saw the two men in her cafe, located in Midland County near the eastern line of Ector County. Soon thereafter appellant and Hamilton left the cafe accompanied by Dwain Dwight Creekmore, who had been in their company in the cafe.

Some 30 minutes later appellant and Hamilton came to the back door of the cafe and purchased some beer and lighter fluid from Mrs. Sanders. At that time appellant, referring to Creekmore, said: "Well, he will never see daylight." Appellant had a bundle of clothing under his arm and took this, with the lighter fluid, to one of the trash cans in back of the cafe where a fire was started.

Mrs. Sanders ran to her residence to see if her gun was there, and found that it was missing. She returned to the cafe as appellant was leaving the trash can and Hamilton was coming out of his room in Mrs Sanders' motel, behind the cafe. They came together and Mrs. Sanders asked for her gun. Shortly thereafter, Hamilton pulled the pistol from his waist area and gave it to Mrs. Sanders.

Creekmore was not reported missing until July 25, 1968. Soon after he received the report a Deputy Sheriff of Ector County examined the trash cans above mentioned and found a partially burned white shirt and Creekmore's wallet and its contents, also partially burned.

On July 20, 1968, appellant communicated to one Jackie Dempsey: "We killed a guy." On the same night appellant told one Peggy Little "I took him out here in the country and I put the gun up to his head and pulled the trigger three times and he jumped so high, just like a rabbit and rolled out there on the ground. * * * I can take you out on the east side of town and show you his body."

On August 16, 1968, Creekmore's decomposed body was found in the brush in the eastern part of Ector County with a .22 caliber bullet in his skull.

We find the evidence sufficient to sustain the jury's verdict.

Grounds of error Nos. 1 and 2 relate to a judgment dated May 5, 1968, committing appellant to Wichita Falls State Hospital as a mentally ill person.

Copy of this judgment was introduced by appellant at the hearing on the punishment issue at which appellant testified

that he was not trying to plead insanity; that he had had trouble all of his life with alcohol and that he was drunk on July 20 and had been drunk since he quit his job on June 27.

There is nothing in the record to show or indicate the necessity of an inquiry by the court concerning appellant's present sanity or competency prior to the verdict on the issue of guilt. No duty devolved upon the trial judge to cause a sanity hearing on that issue under the holding of this court in Townsend v. State, 427 S.W.2d 55, or the holding of the Supreme Court in Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815. Ground of error No. 1 contending to the contrary is overruled.

■ Ground of error No. 2 complains that the court erred in failing to charge the jury on the presumption of insanity and burden of proof after the introduction of the unvacated judgment at the hearing on the punishment to be assessed.

No such charge was requested. No objection to the charge by reason of the omission of such a charge was filed.

Ground of error No. 2 is overruled. Rae v. State, Tex.Cr.App., 423 S.W.2d 587; Art. 36.14 Vernon's Ann.C.C.P.

Ground of error No. 4 complains that the court erred in "admitting Myrle Sanders' Pistol and refusing to admit Peggy Little's Pistol or James A. Rowe's .22 Rifle."

The ground of error is without merit.

■ Ground of error No. 5 which complains that the court erred in admitting Creekmore's wallet and contents (which included his identification papers) is without merit.

■ The remaining ground of error relates to the court's charge on the issue of punishment. It complains that an additional charge was given, in violation of Art. 36.16 V.A.C.C.P. which reads in part:

"After the argument begins no further charge shall be given to the jury unless required by improper argument of counsel or the request of the jury, or unless the judge shall, in his discretion, permit the introduction of other testimony, * * *."

Appellant orally requested a charge at the punishment hearing on temporary insanity produced by voluntary recent use of ardent spirits in mitigation of the punishment which was refused and appellant excepted.

After the charge on punishment was read, arguments had concluded and the jurors had begun their deliberation on the punishment issue, over objection of appellant's counsel and his motion for mistrial, the jury was further instructed in writing (as appellant had previously requested) on the law relating to temporary insanity produced by the voluntary recent use of intoxicating liquor in mitigation of punishment.

After the additional charge was read both counsel for the state and appellant's counsel were afforded opportunity to make further argument and waived such right.

The error of the court under the facts was harmless and is not ground for reversal. Art. 36.19 V.A.C.C.P.; Lanham v. State, 120 Tex.Cr.R. 201, 47 S.W.2d 306.

The judgment is affirmed.