In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00108-CR


______________________________




LACEDRIC DRAMEL WILCOTT, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 27,873-B




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Lacedric Dramel Wilcott appeals his conviction by a jury of three counts of aggravated
robbery committed in the same criminal episode. The jury assessed his punishment at fifteen years'
imprisonment for each offense, which the trial court ordered to run concurrently.

 Wilcott contends the trial court erred by submitting an instruction to the jury, during its
deliberation on punishment, that the sentences imposed for each offense committed during the
criminal episode would run concurrently. He also contends the trial court erred in admitting, in the
punishment phase, evidence he had been adjudicated delinquent more than ten years earlier. The
evidence at trial showed Wilcott and five other men forced their way into a home, held four people
at gunpoint, ransacked the home, and stole various items of property.

 Wilcott first contends the trial court erred by instructing the jury during its deliberations that
Wilcott's sentences for each offense would run concurrently. The record shows that during its
deliberations, the jury sent a note to the judge asking, "For each count, does each sentence occur
concurrently?" Included in the note was an example showing three fifteen-year sentences added
together to total forty-five years. 

 The trial court proposed instructing the jury in open court, "the sentences run concurrent, not
consecutive, and give them an example that if a person got three ten year sentences, they serve all
three at the same time." However, the trial court, the State, and Wilcott agreed the trial court should
instruct the jury on the meaning of the terms "concurrent" and "consecutive." The trial court
instructed the jury in open court as follows:

 THE COURT: All right. Now ladies and gentlemen, I give you the
following additional instructions. Concurrent means simultaneous with or at the
same time. Consecutive means upon the completion of one after the other. Does that
clarify your question?


 PRESIDING JUROR: I think so.


 THE COURT: Okay. You may retire.


 PRESIDING JUROR: Let me be sure.


 THE COURT: Concurrent means at the same time.


 PRESIDING JUROR: Right.


 THE COURT: Simultaneously.


 PRESIDING JUROR: Right.


 THE COURT: And consecutive is one after the other.


 PRESIDING JUROR: Okay. Will these be consecutive?


 THE COURT: I've given you all the definitions now I can give you. 


 Later, the State requested the trial court give the jury an additional instruction that the
sentences in this case would run concurrently. Wilcott objected to the additional instruction, but the
trial court overruled his objection. The trial court then gave the jury the following written
instruction: "In response to your written inquiry as to the manner in which any sentences would be
served, you are hereby instructed that under our law, all sentences imposed will be served
concurrently." 

 The State contends this case is governed by this court's holding in Taylor v. State, 995
S.W.2d 279 (Tex. App.-Texarkana 1999), pet. dism'd, 55 S.W.3d 584 (Tex. Crim. App. 2001), cert.
denied, ___ U.S. ___, 122 S.Ct. 1123, 151 L.Ed.2d 1016 (2002). In Taylor, this court held it was
not error to inform the jury, in response to its question, that the defendant's sentences would run
concurrently. Id. at 284 (citing Haliburton v. State, 578 S.W.2d 726, 729 (Tex. Crim. App. [Panel
Op.] 1979)).

 Wilcott acknowledges Taylor and agrees the trial court's instruction was a proper statement
of the law. (1) Nevertheless, he contends, as did the defendant in Taylor, that the actual duration of
confinement following the jury's assessment of punishment is not a proper concern for the jury. See
Taylor, 995 S.W.2d at 284. He invites us to reconsider our holding in Taylor. However, we agree
with the Texas Court of Criminal Appeals's statement in Haliburton that the policy of the law should
allow juries to make informed and intelligent decisions based on all legally available information. 
In any event, this court is bound by the Texas Court of Criminal Appeals's decision in Haliburton
and our holding in Taylor.

 Even assuming it was error to give the supplemental instruction, we do not perceive any harm
on the face of the record. Nonconstitutional error is harmless if it did not affect the defendant's
substantial rights. Tex. R. App. P. 44.2(b). A substantial right is affected when the error had a
substantial and injurious effect or influence on the verdict. King v. State, 953 S.W.2d 266, 271 (Tex.
Crim. App. 1997). If, on the record as a whole, it appears the error did not influence the verdict, or
had but a slight effect, we must consider the error harmless and allow the conviction to stand. 
Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

 Wilcott contends he was harmed because the trial court gave the instruction after the jury had
begun its deliberations. He contends his presentation of evidence at the punishment phase and his
final argument were framed around the initial jury charge, which did not contain the actual
instruction.

 However, the evidence on punishment was already before the jury when the trial court gave
its instruction. Wilcott did not make an offer of proof of any evidence he would or would not have
presented based on the additional instruction. See Tex. R. Evid. 103(a)(2).

 Nor does Wilcott elaborate on how his final argument to the jury would have changed given
the supplemental instruction. He did not request time to make an additional argument to the jury. 
Trial courts have allowed additional argument after giving a supplemental instruction, see Hendrix
v. State, 459 S.W.2d 634, 636 (Tex. Crim. App. 1970); Ivey v. State, 425 S.W.2d 631, 634 (Tex.
Crim. App. 1968); Garza v. State, 55 S.W.3d 74, 76 (Tex. App.-Corpus Christi 2001, no pet.),
though a party's failure to request additional argument does not waive the right to complain of the
supplemental instruction on appeal. Murray v. State, 857 S.W.2d 806, 810 (Tex. App.-Fort Worth
1993, pet. ref'd).

 Wilcott next contends the trial court erred in admitting, in the punishment phase, evidence
he had been adjudicated delinquent more than ten years earlier. The trial in this case occurred in
March 2001. The record shows the State introduced evidence, over Wilcott's objection, that Wilcott
was adjudicated delinquent and committed to the Texas Youth Commission (TYC) in May 1990 for
committing manslaughter. The manslaughter offense involved the death of another child who
Wilcott shot with a rifle when he was twelve years old.

 The State also introduced evidence Wilcott was convicted of (1) evading detention, a
misdemeanor, in 1995; (2) criminal mischief, a misdemeanor, in 1997; (3) misdemeanor theft in
1997; (4) terroristic threat, a misdemeanor, in 1997; and (5) failure to identify, a misdemeanor, in
1999. The State further presented evidence implicating Wilcott in an uncharged misdemeanor
offense involving unlawful possession of a handgun in 1997. See Tex. Pen. Code Ann. § 46.02(a)
(Vernon Supp. 2002). 

 Article 37.07, § 3(a) of the Texas Code of Criminal Procedure allows the state and the
defendant to offer evidence as to "any matter the court deems relevant to sentencing." Tex. Code
Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2002). Evidence is relevant if it is helpful to
the jury in determining the appropriate sentence for a particular defendant in a particular case. 
Rogers v. State, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999); Reed v. State, 48 S.W.3d 856, 859-60
(Tex. App.-Texarkana 2001, pet. ref'd).

 The trial court's decision to admit or exclude evidence at the punishment phase is subject to
review for abuse of discretion. See Mitchell v. State, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996). 
The trial court's discretion is limited by the Texas Rules of Evidence, except as otherwise provided
by Article 37.07, § 3(a). See Rogers, 991 S.W.2d at 265.

 An adjudication of delinquency based on the defendant's violation of a penal law of the grade
of felony or misdemeanor punishable by confinement is admissible at the punishment phase,
notwithstanding Texas Rule of Evidence 609(d). Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1). 
Rule 609(d) prohibits impeachment by evidence of a delinquency adjudication unless such evidence
is required to be admitted by the United States and Texas Constitutions. Tex. R. Evid. 609(d).

 Wilcott objected to the evidence of his delinquency adjudication on the ground the probative
value was substantially outweighed by the danger of unfair prejudice. See Tex. R. Evid. 403. His
contention is that an adjudication of delinquency, which occurred when he was twelve years old, was
overly prejudicial and too remote to be probative.

 A comparison of Rule 609(b) and Article 37.07, § 3(a)(1) is helpful to this discussion. 
Rule 609(b) prohibits introduction of evidence of a prior conviction that is more than ten years old
unless the trial court finds the probative value of the conviction substantially outweighs its
prejudicial effect. Tex. R. Evid. 609(b). Article 37.07, § 3(a)(1) does not contain a remoteness
requirement. In fact, in 1995, the Legislature removed a requirement from Article 37.07, § 3(a)(1)
prohibiting admission of evidence of an adjudication of delinquency when the adjudication was over
five years old and when, in the five years preceding the date of the offense for which the defendant
was on trial, the defendant was not adjudicated delinquent or as a child in need of supervision and
the defendant was not convicted of an offense. Act of May 22, 1987, 74th Leg. R.S., ch. 386, § 19,
1987 Tex. Gen. Laws 1898, amended by Act of May 27, 1995, 74th Leg. R.S., ch. 262, § 82, 1995
Tex. Gen. Laws 2583.

 Further, the remoteness requirement of Rule 609(b) does not apply to adjudications of
delinquency because, by its terms, Rule 609(b) applies only to prior convictions and only to prior
convictions used for impeachment. (2) See Tex. R. Evid. 609(b); see also Saldivar v. State, 980
S.W.2d 475, 504 (Tex. App.-Houston [14th Dist.] 1998, pet. ref'd) (convictions introduced at
punishment phase are not subject to remoteness limitations contained in Rule 609(b)); Barnett v.
State, 847 S.W.2d 678, 679-80 (Tex. App.-Texarkana 1993, no pet.) (same). Article 37.07, § 3(a)(1)
allows the introduction of prior adjudications of delinquency for purposes other than impeachment. 
Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1).

 Pre-Rules cases generally barred evidence of convictions older than ten years used to
impeach a witness, but those cases recognized an exception where, in light of the particular facts of
the case and especially regarding the witness's subsequent conduct, there was evidence showing a
lack of reformation, including evidence of a subsequent felony conviction or misdemeanor
conviction involving moral turpitude. (3) See Lucas v. State, 791 S.W.2d 35, 51 (Tex. Crim. App.
1989); McClendon v. State, 509 S.W.2d 851, 855 (Tex. Crim. App. 1974) (op. on reh'g); Crisp v.
State, 470 S.W.2d 58, 59 (Tex. Crim. App. 1971). This evidence of the witness's lack of reformation
reduced the prejudice from the evidence of the remote conviction. See Oates v. State, 67 Tex. Crim.
488, 149 S.W. 1194, 1195-97 (1912).

 In the present case, one of the issues in the punishment phase was whether the jury should
recommend Wilcott be placed on community supervision. Evidence of Wilcott's previous
adjudication of delinquency and commitment to TYC was probative of whether Wilcott could
successfully complete community supervision.

 Further, Wilcott's 1995 conviction for misdemeanor theft, and his 1999 conviction for failure
to identify, in which he provided a false name to police, are both crimes of moral turpitude. See
Milligan v. State, 554 S.W.2d 192, 196 (Tex. Crim. App. 1977) (misdemeanor theft a crime of moral
turpitude); Lape v. State, 893 S.W.2d 949, 958 (Tex. App.-Houston [14th Dist.] 1994, pet. ref'd)
(lying to police officer involves moral turpitude). Therefore, these offenses reduce the prejudicial
effect of the 1990 delinquency adjudication because they show Wilcott's failure to reform. Under
these circumstances, there was no abuse of discretion.

 The judgment is affirmed.




 Ben Z. Grant

 Justice


Date Submitted: April 11, 2002

Date Decided: April 26, 2002


Do Not Publish
1. Section 3.03(a) of the Texas Penal Code provides, "When the accused is found guilty of
more than one offense arising out of the same criminal episode prosecuted in a single criminal
action, a sentence for each offense for which he has been found guilty shall be pronounced. Except
as provided by Subsection (b), the sentences shall run concurrently." Tex. Pen. Code Ann. § 3.03(a)
(Vernon Supp. 2002). Subsection (b) allows the trial court to order consecutive sentences when the
defendant is convicted of certain offenses, not applicable here, arising out of the same criminal
episode. Tex. Pen. Code Ann. § 3.03(b) (Vernon Supp. 2002).
2. The State contends Wilcott's 1994 release from TYC does not make his delinquency
adjudication remote at all because Rule 609(b) prohibits impeachment by evidence of a conviction
older than ten years as measured from the date of the conviction or the date of the witness's release
from the confinement imposed for that conviction, whichever is later. See Tex. R. Evid. 609(b). 
While true, this is not a Rule 609(b) case because the State was not offering the evidence for
impeachment, but rather as evidence relevant to punishment. The issue in this case is whether the
probative value of the delinquency adjudication is substantially outweighed by the danger of unfair
prejudice under Rule 403.
3. Recent cases have continued to recognize this exception to the remoteness requirement
under Rule 609(b). See Hernandez v. State, 976 S.W.2d 753, 755 (Tex. App.-Houston [1st Dist.]
1998), pet. ref'd, 980 S.W.2d 652 (Tex. Crim. App. 1998) (Womack, J., concurring on refusal to
grant State's petition for review) ("[A trial court] may find that [a prior conviction] is more than 10
years old but that subsequent convictions of felonies or misdemeanors involving moral turpitude
remove the taint of its distance. Under that circumstance, the [Rule] 609(a) standard [of admitting
a prior conviction for impeachment] is appropriate because the 'tacking' of the intervening
convictions causes a conviction older than 10 years to be treated as not remote."); see also Jackson
v. State, 50 S.W.3d 579, 591 (Tex. App.-Fort Worth 2001, pets. ref'd); Rodriguez v. State, 31
S.W.3d 359, 363 (Tex. App.-San Antonio 2000, pet. ref'd).